# United States District Court
# Central District of California

| | |
|---|---|
| SUZANNA SUKIASYAN,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; STARBUCKS CORPORATION; and DOES 1–12, inclusive,<br><br>Defendants. | Case No. 2:18-cv-10356 ODW (GJSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND, OR VACATE JUDGMENT [65]** |

## I. INTRODUCTION

On November 27, 2019, the Court granted summary judgment in this action in favor of Defendant Target Corporation. (Order Granting Mot. for Summ. J. ("MSJ Order"), ECF No 62.) Accordingly, on November 27, 2019, the Court entered judgment in favor of Target. (Am. J. 1–2, ECF No. 64.) Plaintiff Suzanna Sukiasyan now moves to alter, amend, or vacate the judgment under Federal Rules of Civil Procedure 59(e) ("Motion"). (Mot. to Alter, Am., or Vacate J. ("Mot."), ECF No. 65.) For the reasons discussed below, the Court **DENIES** Sukiasyan's Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Sukiasyan brought a premises liability action against Target, alleging that Target negligently owned, maintained, managed, and operated a store in which substance on the floor caused her to slip and fall. (MSJ Order 1.) On October 21, 2019, Target moved for summary judgment ("MSJ"). Based on the evidence and arguments submitted, the Court granted Target's MSJ. (MSJ Order 6.)

Two surveillance cameras captured the incident, providing time stamps for the events depicted. (MSJ Order 1.) At 6:33:41 p.m., the video depicts Sukiasyan stepping on substance, causing her left foot to slide from underneath her and fall. (MSJ Order 1.) After the fall, the video no longer depicts the substance formerly present on the floor. (MSJ Order 1.) Three minutes and thirty-five seconds before the fall, at 6:30:06 p.m., a small girl with a cup in her left-hand walks directly through where Sukiasyan slips while repeatedly raising her right hand from the cup to her face. (MSJ Order 1.) Before the girl's arrival, no substance is visible on the floor at the spot of Sukiasyan's fall. (MSJ Order 1.) The spill appears at the spot of the fall after the girl's arrival. (MSJ Order 1.) The girl then glances down, steps around the spill, and walks away, leaving the substance on the floor. (MSJ Order 1–2.) Between 6:30:06 p.m. and 6:33:41 p.m., no Target employees walked through the location of Sukiasyan's fall. (MSJ Order 2.)

In granting Target's MSJ, the Court found that Sukiasyan presented no evidence that Target had actual or constructive knowledge of the substance, and three minutes and thirty-five seconds was insufficient time, as a matter of law, to establish constructive notice of the spill. (MSJ Order 5.) On December 5, 2019, Sukiasyan filed the instant Motion. (*See* Mot.)

## III. LEGAL STANDARD

Under Rule 59(e), a party may move to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). District courts have considerable discretion in granting or denying Rule 59(e) motions. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). However, the motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Additionally, relief under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell*, 197 F.3d at 1255 n.1; *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that "absent highly unusual circumstances" relief under Rule 59(e) will not be granted unless one of the factors are met).

## IV. DISCUSSION

Sukiasyan moves to amend the judgment based on newly discovered evidence. (Mot. 2.) She argues that the forensic video analysis report and Target's practices report qualify as newly discovered evidence. (Mot. 2–4.) Additionally, Sukiasyan argues that judgment should be vacated to prevent a clear error or manifest injustice as the Court denied her request to extend the hearing on Target's MSJ by two weeks. (Mot. 4.)

Target opposes the Motion, contending that Sukiasyan's expert reports are not new evidence and that she cannot prove clear error or manifest injustice as she was entirely responsible for delay in obtaining these reports. (Opp'n to Mot. 1–2 ("Opp'n"), ECF No. 67.)

### A. Newly Discovered Evidence.

Here, Sukiasyan argues that the reports from her expert witnesses are newly discovered evidence because she obtained them after the Court granted Target's MSJ.

1  (Mot. 2–4.) She explains that she was unable to obtain expert reports prior to filing
2  the opposition because the Court denied her request for an extension of the hearing on
3  the MSJ. (Mot. 4–5; Reply in Supp. of Mot. ("Reply") 1, ECF No. 68.)

4  To obtain relief under Rule 59(e) based on newly discovered evidence, the
5  moving party must demonstrate that the evidence (1) was "discovered after the
6  judgment;" (2) "could not be discovered earlier through due diligence;" and (3) is "of
7  such a magnitude that had the court known of it earlier, the outcome would likely have
8  been different." *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003)
9  (affirming a district court's denial of Rule 59(e) motion because a moving party failed
10 to show that the "newly discovered evidence" could not have been discovered earlier
11 through due diligence).

12 Although Sukiasyan obtained the expert reports after the judgment, she had
13 possession of the underlying evidence on which these reports were based before
14 Target filed its MSJ. (Opp'n 2.) For instance, the security video of the incident was
15 first provided to Sukiasyan on October 29, 2018, via email. (Opp'n 2.) Then, on
16 December 17, 2018, Target's counsel sent a hard copy of the video in its native
17 format, including the program needed to play the video, via regular mail. (Opp'n 2.)
18 Therefore, the expert reports are not newly discovered as she has long been in
19 possession of the underlying evidence. *See Coastal Transfer v. Toyota Motor Sales,
20 U.S.A.*, 833 F.2d, 208, 212 (9th Cir. 1987) (holding that expert's testimony was not
21 newly discovered when evidence on which the testimony was based had been in
22 movant's possession since the start of litigation). Accordingly, she does not meet the
23 first prong.

24 Furthermore, Sukiasyan fails to show that the evidence could not have been
25 discovered earlier through due diligence. As noted, Target first provided a video of
26 the incident on October 29, 2018, well before Target filed its MSJ on October 21,
27 2019. (Opp'n 2.) Thus, as early as October 29, 2018, Sukiasyan could have procured
28 the expert reports.

Though Sukiasyan asserts that she was unaware of the grounds on which Target would bring its MSJ and, therefore, justifiably failed to gather the expert reports sooner, the Court finds that this argument lacks merit. (Reply 2.) To establish her claim, Sukiasyan needed to prove that Target had actual or constructive notice of the condition that caused her to fall. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205–06 (2001) (finding that, to prove defendant's constructive notice of a dangerous condition, a plaintiff must show that the dangerous condition was present for a sufficient period of time). As indicated by the Joint Report, Sukiasyan knew at least as early as May 2019 that Target denied having actual or constructive notice of any substance on the floor that caused her to fall. (Joint Report 2, ECF No. 23.) Thus, despite bearing the burden to prove notice and knowing that Target disputed notice, she failed to gather the expert reports, evidence she deems necessary to establish this essential element. Consequently, Sukiasyan fails to establish that she acted with due diligence.

As Sukiasyan has not met the first two prongs to warrant relief based on "newly discovered evidence," the Court declines to analyze whether it was likely that presentation of the proffered evidence before judgment would have changed the outcome.

**B.      Clear Error or Manifest Injustice.**

Sukiasyan implicitly argues that the Court erred in denying her Ex Parte Application seeking additional time to procure the above-referenced evidence to oppose Target's MSJ. (Mot. 4; Reply 1–3.) She argues that the Court's denial of her Ex Parte constitutes clear error or manifest injustice under Rule 59(e). (Mot. 4; Reply 3.) This assertion equally lacks merit.

Clear error occurs where the court "is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). To find "clear error," the error must be "manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A manifest

injustice is defined as an error in the trial court that is direct, obvious, and observable." *Brooks v. Tarsadia Hotels,* No. 3:18-cv-2290-GPC-KSC, 2020 WL 601643, at *5 (S.D. Cal. Feb. 7, 2020) (internal quotations marks omitted). To prevail on a theory that the court manifestly erred, a moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010).

Sukiasyan sought Rule 56(d)(2) relief by way of an Ex Parte application filed prior to her opposition. (Mot. 4.) Under Rule 56(d)(2), a party seeking additional discovery at the summary judgment stage must submit an affidavit or declaration demonstrating that, for specified reasons, he or she cannot present facts essential to its opposition without a continuance. Fed. R. Civ. P. 56(d)(2). To obtain postponement, the opposing party's declaration must show "good cause;" that is, the specific reasons why such evidence was not discovered or obtained earlier in the proceedings. *Tatum v. City & Cty. of San Francisco,* 441 F.3d 1090, 1101 (9th Cir. 2006).

As explained above, Sukiasyan cannot show "good cause" under Rule 56(d)(2) because she did not act with due diligence in obtaining the evidence she now seeks to introduce, thereby justifying the denial of her request for a continuance under Rule 56(d)(2). Accordingly, the Court finds no clear error or manifest injustice and denies Sukiasyan's Motion.

## V. CONCLUSION

For the reasons discussed above, the Motion to Alter, Amend, or Vacate Judgment is **DENIED**. (ECF No. 65.)

**IT IS SO ORDERED.**

March 27, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**